## Judges, Officers, Proceedings, Sessions and Opinions

## SUPREME COURT of OHIO

### COLUMBUS

Chief Justice—C. T. Marshall, Zanesville.
Judges—R. M. Wanamaker, Akron; Thomas A. Jones, Columbus; Edward S. Matthias, Van Wert; James E. Robinson, Marysville; Florence E. Allen, Cleveland; Robert H. Day, Massillon.
Clerk—Seba H. Miller, Springfield.
Deputy Clerks—Thos. J. Edwards, Lawrence J. Corcoran.
Regular Term—First Tuesday after first Monday of January, at Columbus.
Reporter—John W. L. Henney, Columbus; Bell.
Assistant Reporters—Clinton Collins, H L. Connett, Columbus.

### LAW LIBRARY

Librarian—John W. Shaw, Troy.
Assistants—Robert L. Hoyt, James P. Martindale, A. W. Buckmaster, W. W. McDonald, all of Columbus; Philip Allen, New Lexington.

## SUPREME COURT
## OPINIONS

### No. 298

### LO SCHIAVIO v. N. O. T. & L. CO.

Ohio Supreme Court

No. 17127. Decided Oct. 24, 1922

DAMAGES—(1) Impaired earning power of party injured is element of damage—(2) Party not to recover for loss of profits in business—(3) Measure of damages for party incapable of conducting business is compensation ordinarily paid others—(4) Admission of evidence as to profits owned by injured party is error.

Epitomized Opinion

Error to Court of Appeals of Cuyahoga County

MARSHALL C. J.

LoSchiavo, while driving a truck on the streets of Akron, was struck by one of the Traction Company's cars and severely injured. He recovered $25,000 in a suit in the lower court and the Traction Company claims that the lower court erred in admitting certain evidence bearing upon the manner of estimating the damages. Evidence was introduced to show that LoSchiavo's earning capacity would be greatly diminished during the remainder of his life and also to show other damage by reason of LoSchiavo's inability to devote his time to the business.

Held by the Supreme Court in affirming judgment for LoSchaivo:

Official Syllabus

1. In actions for damages for personal injury one of the elements of damage is the impaired earning power of the injured party and the loss of personal earnings suffered during such time as the injured party was either wholly or partially incapacitated.

2. Such party is not entitled to recover for loss of profits in any business owned or operated by him, but only the loss of those earnings which result from his personal efforts.

3. Where a party is injured and thereby incapacitated from conducting his business, either wholly or partially, the measure of damages for such loss is the compensation ordinarily paid to others for rendering like service.

4. In such actions it is proper to admit evidence of a party's business, its character, its extent, the particular part transacted by him and the compensation paid to persons doing such business for another, but it is error to admit evidence of net profits of such business for a period immediately prior to such injury.

Attorneys—Sylvester V. McMahon and Fred W. Zimmerman, for LoSchiavio; Mather & Nesbit; Day & Wilkin and P. A. Leighley, for N. O. T. & L. Co.

## DISTRICT COURTS of U. S.

(Continued from Page 327)

No. 299

OHIO COLLIERIES CO et al v. STUART et al

U. S. District Court, N. D. Ohio, W. D.

No. 339. March 8, 1923

CONSTITUTIONALITY OF STATE EMERGENCY ACT—(1) Right of plaintiff to have the question determined—(2) Interference with interstate commerce.

KILLITS, J.

Epitomized Opinion

This was an action involving the constitutionality of the Ohio Emergency Act, passed Sept. 12, 1922. This act was passed to regulate the price and distribution of coal in Ohio, and provided certain penalties for non-compliance. By the terms of the act its actual life was to expire March 31, 1923. The complainants, coal producers and distributors, filed an application for a temporary injunction in the federal court and also claimed that the act was unconstitutional. This action was brought against various state officers, but before the injunction was heard the governor, by proclamation, dissolved the organization created by the act to control the coal situation. Consequently, the temporary injunction was never passed upon, but by agreement of the parties the case was submitted to the court upon its merits. In holding the act unconstitutional, the federal district court held:

1. Although the Ohio Emergency Act of 1922 was not enforced by the state officers, nevertheless the plaintiff had a right to a final consideration of the question of the constitutionality of the act by the federal court, as the penalties provided therein might be inflicted after the termination of the life of the statute.

2. As the Emergency Act is in conflict with the federal act which was passed to regulate the price and distribution of coal, it is unconstitutional as an interference with interstate commerce.